UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

ALNOOR RAHEMTULLA and : 
SHYROSE RAHEMTULLA,
: CIVIL ACTION NO. 3:05-0198
**Plaintiffs**
: (MANNION, J.)
v.
:
NAZIM HASSAM, a/k/a NAZIM B.
HASSAM, a/k/a HAZIM B. :
HASSAM, a/k/a NAZIM HASIAM,
t/a HOWARD JOHNSON INN; :
SHAMSHAD N. HASSAM, a/k/a
SHAMIM B. HASSAM, a/k/a :
SHAMI-HASSAM; OMSRISHI,
INC., a fictitious entity; :
KILIMANJARO STEAKHOUSE
BAR & GRILL; JOHN and JANE :
DOES 1-100, fictitious persons;
ABC and XYZ CORPORATIONS :
1-100, fictitious entities,
:
**Defendants**
:

## MEMORANDUM AND ORDER

Pending before the court is the plaintiffs' motion for a preliminary injunction. (Doc. No. 15). Based upon the court's review of the record and the evidence presented at the November 1, 2005 hearing, the plaintiffs' motion for a preliminary injunction will be denied.

By way of background, on March 31, 2004, the plaintiffs commenced the instant action in the United States District Court for the District of New Jersey. In their complaint, the plaintiffs raise various claims in relation to the formation and operation of the Kilimanjaro Steakhouse Bar and Grill partnership

between the plaintiff, Alnoor Rahemtulla, and the defendant, Nazim Hassam. The plaintiffs seek an invalidation of the partnership documents; a disgorgement and return of the monies which they invested in the partnership; compensatory and punitive damages; and costs, interest and attorney's fees for bringing the instant action.

After service of the summons and the complaint, default judgment was entered against the defendants. This default was later vacated, after which the defendants filed an answer and counterclaims. The plaintiffs subsequently filed an answer to the counter claims.

The defendants having filed a motion to dismiss and/or change venue, by order dated January 10, 2005, the District of New Jersey directed that the matter be transferred to the Middle District of Pennsylvania. Upon transfer, the parties consented to the jurisdiction of the undersigned.

On July 18, 2005, the plaintiffs filed the instant motion for a preliminary injunction, in which they seek an order compelling the defendants to produce and deposit into an interest bearing court account the sum of $340,000 which is the subject of the plaintiffs' claims for misappropriation, conversion, breach of fiduciary duties and unjust enrichment, as well as to enjoin the defendants from transferring and concealing assets to prevent the satisfaction of a potential judgment. (Doc. No. 15). On the same day, the plaintiffs filed a supporting brief, (Doc. No. 16), and declarations, (Doc. Nos. 17 & 18). After

having been granted extensions of time to do so, (Doc. Nos. 22, 24, 26), the defendants filed a brief in opposition to the plaintiffs' motion for preliminary injunction, (Doc. No. 29), along with a supporting affidavit and materials, (Doc. No. 30).

A hearing on the matter was held on November 1, 2005, at which time the court received testimony from the defendant, Nazim Hassam, as well as from Kirit Patel, a shareholder of OM SRI SAI, Inc[1]. The court also received into evidence documentation in addition to that already filed by the parties.

With respect to the plaintiffs' motion for injunctive relief, the Supreme Court has instructed that the tool of the preliminary injunction should be reserved for "extraordinary" situations. Sampson v. Murray, 415 U.S. 61, 88 (1974). In following that instruction, the Third Circuit has held that the granting of injunctive relief is an exercise of a very far-reaching power, never to be indulged in except in a case clearly demanding it. Warner Bros. Pictures v. Gittone, 110 F.2d 292 (3d Cir. 1940). More recently, the Third Circuit has insisted that "the use of judicial power to arrange relationships prior to a full determination on the merits is a weighty matter, and the preliminary injunction device should not be exercised unless the moving party shows that it specifically and personally risks irreparable harm." Adams v.

---

[1] OM SRI SAI, Inc., is the corporation which owns the Howard Johnson's Hotel in Bartonsville, Pennsylvania, and the accompanying restaurant, which is the subject of the partnership agreement at issue in this case.

3

Freedom Forge Corporation, 204 F.3d 475 (3d Cir. 2000)(citing Campbell Soup Co. v. ConAgra, Inc., 977 F.2d 86, 91 (3d Cir. 1992); Frank's GMC Truck Center, 847 F.2d 100, 102-03 (3d Cir. 1988)).

In considering a motion for injunctive relief, the court must consider: (1) whether the movant has shown probability of success on the merits; (2) whether the movant will be irreparably harmed by denial of the relief; (3) whether granting preliminary relief will result in even greater harm to the nonmoving party; and (4) whether granting the preliminary relief will be in the public interest. Brian B. v. Commonwealth, 230 F.3d 582 (3d Cir. 2000). A plaintiff's failure to establish any one of these elements in its favor renders a preliminary injunction inappropriate. The NutraSweet Company v. Vit-Mar Enterprises, Inc., 176 F.3d 151, 153 (3d Cir. 1999).

In this case, the weight of the evidence presented by the plaintiffs in support of their motion for a preliminary injunction relates to the merits of their claims. Even assuming for purposes of the instant motion that the plaintiffs have shown a probability of success on the merits, the court finds that there is insufficient evidence to establish that the plaintiffs will be irreparably harmed by the denial of injunctive relief. To this extent, the plaintiffs must establish more than a risk of irreparable injury. They must demonstrate "'a clear showing of immediate irreparable injury.'" Hoxworth v. Blinder, Robinson & Co., 903 F.2d 186, 197 (3d Cir. 1990)(quoting ECRI v. McGraw-

4

Hill, Inc., 809 F.2d 223, 225 (3d Cir. 1987)).  An injunction may not be used "simply to eliminate a possibility of a remote future injury . . ." Acierno v. New Castle County, 40 F.3dd 645, 653 (3d Cir. 1994)(citations omitted).

The plaintiffs in this case claim that they provided defendant Hassam with the sum of $340,000[2] with the specific obligation for him to deposit the money into a partnership account.  The plaintiffs claim that defendant Hassam did not deposit the money into a partnership account, but diverted and misappropriated the funds and commingled them with the other defendants. In addition, the plaintiffs allege that, after the start of the instant action, defendant Hassam disposed of real properties to avoid the potential of judgment and that ownership interests which defendant Hassam claimed herein have been revealed as either not being owned by him or held by others to conceal and shield his ownership.

In Hoxworth, supra, the Third Circuit found that a district court may issue a preliminary injunction to protect a potential future damages remedy. The court found, however, that this power is far from unlimited[3].  Specifically,

---

[2]Plaintiff, Alnoor Rahemtulla, also signed a promissory note for $150,000, payable to defendant Hassam, in relation to the partnership agreement. (Doc. No. 18, Ex. D).

[3]In examining Hoxworth, the Third Circuit noted that it did not hold that irreparable injury exists in every case in which a judgment would probably go unsatisfied absent an injunction. Elliott v. Kiesewetter, 98 F.3d 47, 58 n.8 (3d (continued...)

5

the court found that the moving party must demonstrate that the traditional requirements for obtaining equitable relief are met. To this extent, the plaintiffs must establish that they are likely to become entitled to the funds upon final judgment and that, without the injunction, they would be unable to recover those funds. Id. This second element is essentially an irreparable harm inquiry.

In this case, the plaintiffs argue that, in light of the actions of defendant Hassam, as set forth above, they may be unable to collect on any judgment entered in their favor at the conclusion of these proceedings. They have not, however, provided any evidence which would indicate that defendant Hassam would be unable to satisfy any judgment entered against him. To this extent, while the plaintiffs have shown that defendant Hassam has transferred properties since the inception of this action, they have not demonstrated that he has done so in an attempt to avoid liability to the plaintiffs or that the transfer of properties would render him unable to satisfy any judgment which may be entered against him. In fact, defendant Hassam testified under oath at the hearing in this matter that, in addition to selling three properties since

---

³(...continued)
Cir. 1996). To do so, the court stated would create a right for plaintiffs to freeze a defendant's assets every time a plaintiff sued for an amount greater than the defendant's net worth. Id. The court noted that, in Hoxworth, it was clearly carving out a narrower set of circumstances in which irreparable injury could arise from the likelihood of an unsatisfied judgment. Id.

the inception of this action, he has also acquired three properties in New York and one property in Pennsylvania. He further submitted documentation reflecting his 49% ownership of the OM SRI SAI, Inc., corporation. According to the evidence, this corporation owns and operates the Howard Johnson's hotel in Bartonsville, Pennsylvania, and the accompanying restaurant which is the subject of this suit. Testimony provided at the hearing by Mr. Patel, a shareholder in OM SRI SAI, Inc., reflects that the value of the corporation is between $7 million and $8 million. Defendant Hassam further submitted a personal financial statement as of October 30, 2005[4], which reflects that his 49% interest in OM SRI SAI, Inc., is valued at $3.25 million and his overall net worth is approximately $7 million. Therefore, the weight of the evidence establishes that defendant Hassam would be capable of satisfying any judgment entered against him with respect to the instant action.

The plaintiffs further argue that defendant Hassam has either misstated his involvement with other ownership interests he claims in this case or is using others to conceal and shield his interests. To this extent the plaintiffs argue that defendant Hassam held himself out to be the president of OM SRI SAI, Inc., and further held himself out to be the personal owner of the Howard

---

[4] The court notes that the plaintiffs objected to any consideration of this evidence. However, in their defense, the defendants are entitled to enter into evidence any information which would indicate that the plaintiffs have failed to establish any irreparable injury should the instant motion be denied.

7

Johnson's Hotel in Bartonsville, Pennsylvania. The plaintiffs argue that neither of these assertions are true. In fact, at the hearing in the above matter, defendant Hassam admitted that he is not the president of OM SRI SAI, Inc. Instead, the testimony presented indicated that, at one point, there was some confusion among the shareholders as to defendant Hassam's position within the company and that he may have believed himself to be the president of the corporation but, in fact, was never in any such position. There was also testimony that, since the inception of this action, defendant Hassam was made the vice president of the corporation. Defendant Hassam further admitted that he is not the personal owner of the Howard Johnson's Hotel. Instead, the testimony revealed that OM SRI SAI, Inc., is the owner of the Howard Johnson's Hotel and the accompanying restaurant. Regardless of whether defendant Hassam improperly held himself out as the president of OM SRI SAI, Inc., or as the personal owner of the Howard Johnson's Hotel, the evidence establishes that he is a 49% shareholder in OM SRI SAI, Inc., an asset valued at approximately $3.25 million and has a significant amount of other assets which would enable him to satisfy any judgment entered against him with respect to the instant action.

Based upon the foregoing, the plaintiffs have failed to demonstrate the immediate, irreparable injury necessary to justify injunctive relief.

8

Now, therefore, **IT IS HEREBY ORDERED THAT** the plaintiffs' motion for a preliminary injunction, **(Doc. No. 15)**, is **DENIED**.

S/ Malachy E. Mannion
**MALACHY E. MANNION**
**United States Magistrate Judge**

**Date:** November 4, 2005

O:\shared\Memorandums\2005 MEMORADUMS\05-0198.wpd

9