## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALNOOR RAHEMTULLA and SHYROSE RAHEMTULLA, : : **Plaintiffs** : : v. : : NAZIM HASSAM, a/k/a Nazim B. Hassan, a/k/a Hazim B. Hassan, a/k/a Nazim Hasiam, trading as Howard Johnson Inn; SHAMSHAD HASSAM, a/k/a Shamin B. Hassam, a/k/a Shami-Hassam, OMSRISHI, INC.; KILIMANJARO STEAKHOUSE BAR & GRILL; JOHN AND JANE DOES; and, ABC AND XYZ CORPORATIONS, : : : : : : : **Defendants** : | CIVIL ACTION NO. 3:05-0198 (MANNION, M.J.) |

## **MEMORANDUM AND ORDER**

Before the court is the defendants' motion in limine, in which they seek to compel the plaintiffs to elect their remedies on claims arising from a Partnership Agreement, as well as to exclude certain of the plaintiffs' experts' testimony. (Doc. No. 114). Upon review, the defendants' motion will be granted in part and denied in part.

As the court writes for the benefit of the parties, who are familiar with the history and facts surrounding the instant action, only those facts relevant to the instant motion will be set forth herein. The defendants initially seek to have the court require the plaintiffs to make an election of remedies between

their claim that the Partnership Agreement should be rescinded and their claim that there should be an award of damages as a result of defendant Hassam's breach of fiduciary duties arising under the Partnership Agreement.

Pennsylvania courts have established that a plaintiff "may not maintain at the same time in separate counts of one action, or in two different suits claims for rescission of a contract and restitution on the one hand and for damages for breach of the same contract together with expectation interest, on the other hand." Wedgewood Diner, Inc. v. Good, 534 A.2d 537, 538 (Pa. Super. Ct. 1987)(quoting Raw v. Lehnert, 357 A.2d 574, 576 n.3 (Pa. Super. Ct. 1976)).[1]  The doctrine of "election of remedies" stems from the principle that rescission and damages are fundamentally inconsistent remedies. Rescission is an annulment or unmaking of a contract and a restoration of the status quo whereas damages, a legal remedy, involves an affirmance of the contract. Wedgewood Diner, 534 A.2d at 538; Keenheel v. Pa. Sec. Comm'n, 579 A.2d 1358, 1361 (Pa. Cmwlth. Ct. 1990).

Here, the court agrees with the defendants that the plaintiffs are seeking inconsistent remedies. Although the court found in its previous memorandum that the plaintiffs' cause of action against defendant Hassam for violating his fiduciary duties arises as a matter of social policy and not by virtue of the

---

[1] As the court noted in its previous memorandum and order, a written Partnership Agreement setting forth the terms of the partnership and the duties and privileges of the parties is a contract and must therefore be interpreted according to state contract law. See (Doc. No. 104, pp. 19-20).

plaintiffs trying to enforce the Partnership Agreement, were the Partnership Agreement to be rescinded and the parties placed in their respective positions prior to the agreement, no such fiduciary duty would exist.  Therefore, the remedies which the plaintiffs seek are inconsistent and the plaintiffs must elect to either affirm the Partnership Agreement and seek damages or rescind the agreement and seek restitution.  In light of the foregoing, the defendants' motion will be granted to the extent that the plaintiffs will be required to make an election of remedies.

Where the court disagrees with the defendants is with respect to the timing of the election.  Research reveals no Pennsylvania law which establishes a rule for the timing of the election of remedies and the defendants have provided no guidance on the issue.  Instead, the defendants simply seek to have the court direct the plaintiffs make their election prior to trial.  Case law from other courts indicates that the decision as to when the plaintiffs must elect their remedy is within the discretion of the court. See Grand Forks Prof'l Baseball, Inc. v. N. Dakota Workers Comp. Bureau, 654 N.W.2d 426 (N.D. 2002); Kline Hotel Partners v. Aircoa Equity Interests, Inc., 729 F. Supp. 740 (D. Colo. 1990); Lakefield Tel. Co. v. N. Telecom, Inc., 679 F. Supp. 881 (E.D. Wis. 1988); Harper v. Ethridge, 348 S.E. 2d 374 (S.C. Ct. App. 1986); Vitale v. Coyne Realty, Inc., 414 N.Y.S. 2d 388 (N.Y. App. Div. 1979); Wills v. Regan, 206 N.W. 2d 398 (Wis. 1973); Hoard v. Sears, Roebuck & Co., 188 A. 269 (Conn. 1936); Franciscan Hotel Co. v.

Albuquerque Hotel Co., 24 P.2d 718 (N.M. 1933).  See also 28A C.J.S. Election of Remedies §6.

Generally, a party must make an election of remedies after the case is submitted to the jury and the verdict is entered, but prior to the entry of judgment.  25 Am.Jur.2d, Election of Remedies §13 (citing Wynfield Inns v. Edward LeRoux Group, Inc., 896 F.2d 483 (11th Cir. 1990); In re Air Crash Disaster at Stapleton Intern. Airport, Denver, Colo., on Nov. 15, 1987, 720 F.Supp. 1505 (D. Colo. 1989), rev'd on other grounds, 964 F.2d 1059 (10th Cir. 1992); McIllwain v. Bank of Harrisburg, 713 S.W.2d 469 (Ark. Ct. App. 1986); Genetti v. Caterpillar, Inc., 621 N.W.2d 529 (Neb. 2001); Adams v. Grant, 358 S.E.2d 142 (S.C. Ct. App. 1986); Star Houston, Inc. v. Shevack, 886 S.W.2d 414 (Tex. App. Houston 1st Dist. 1994), writ denied with per curiam opinion, 907 S.W. 2d 452 (Tex. 1995)).  However, an earlier election may be required where the evidence concerning the inconsistent remedies would be confusing to the jury or the remedies are so fundamentally inconsistent that only an earlier election will suffice. Id. (citing Iota Mgmt. Corp. v. Boulevard Inv. Co., 731 S.W. 2d 399 (Mo. Ct. App. 1987); Harper v. Ethridge, supra; Dopp v. HTP Corp., 947 F.2d 506 (1st Cir. 1991); Kline Hotel Partners v. Aircoa Equity Interests, Inc., 729 F. Supp. 740 (D.Colo. 1990)). Substantial prejudice to the defendant is also a factor to be considered.  Id. (citing Sharpe v. F.D.I.C., 126 F.3d 1147 (9th Cir. 1997)).

In this case, while the court finds that the plaintiffs' alternative remedies

4

are fundamentally inconsistent, there is no indication that allowing the legal claims to go to the jury prior to an election would be unduly confusing to the jury such that an earlier election will be necessary.  Further, there has been no showing of substantial prejudice to the defendants in allowing the plaintiffs to defer their election of remedies until after the jury has been presented with the facts on the legal claims and a determination of liability has been made. The court finds no distinction in the facts which will be presented in support of the legal claims, as opposed to the potential equitable claims.  As such, there is no indication that the jury will hear evidence which will be irrelevant to any jury question.  There is also no indication that the defendants' preparation for trial would be unnecessarily complicated without an earlier election. Therefore, the defendants' motion will be denied to the extent that they request that the court require the plaintiffs to make an election of remedies prior to trial.

In light of the court's finding with respect to the timing of the plaintiffs' election of remedies, the issues raised by the defendants with respect to the equitable claims of rescission and accounting need not be decided at this time.  Once the jury has made a determination of the facts common to the legal and equitable claims and the plaintiffs have made an election of remedies, the court will be in a better position to address the remainder of the relevant equitable claims.  See Beacon Theatres, Inc. v. Westover, 359 U.S. 500, 510 (1959) (jury must decide fact issues common to legal and equitable

claims before trial court decides balance of equitable claim).

The defendants also seek to exclude expert testimony from plaintiffs' witnesses Maria Vilardi, Samuel Thayil, C.P.A., and William L. Fleisher, C.F.E. The admissibility of expert testimony is governed by Federal Rule of Evidence 702, which requires an expert witness to have "specialized knowledge" regarding the area of testimony.[2] The Third Circuit has explained, "The basis of this specialized knowledge can be practical experience as well as academic training and credentials," and "[w]e have interpreted the specialized knowledge requirement liberally." Betterbox Commc'ns Ltd. v. BB Techs., Inc., 300 F.3d 325, 327-28 (3d Cir. 2002) (internal citations omitted). The Federal Rules of Evidence embody a strong preference for admitting any evidence that may assist the trier of fact. Id.; see also Fed. R. Evid. 401 (defining "relevant evidence" to mean "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence") (emphasis added)). Moreover, Rule 702 "has a liberal policy of admissibility." Kannankeril v. Terminix Int'l, Inc., 128 F.3d 802, 806 (3d Cir.1997).

---

[2] Rule 702 provides: "If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case." Fed. R. Evid. 702.

When faced with a proffer of expert testimony, the court must determine "whether the expert is proposing to testify to (1) scientific knowledge that (2) will assist the trier of fact to understand or determine a fact in issue." Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 592 (1993). The Supreme Court in Kumho Tire, Ltd. v. Carmichael, 526 U.S. 137, 147 (1999), has extended these gatekeeping requirements to all expert testimony. In performing its gatekeeping function to determine whether an expert's report is relevant and reliable under Daubert and Rule 702, "the court is not to weigh the evidence relied upon or determine whether it agrees with the conclusions reached therein. . . . Determinations regarding the weight to be accorded, and the sufficiency of, the evidence relied upon by the proffered expert are within the sole province of the jury." Walker v. Gordon, 46 F. App'x 691, 695 (3d Cir. 2002) (citing Breidor v. Sears, Roebuck & Co., 722 F.2d 1134, 1138-39 (3d Cir. 1983) ("Where there is a logical basis for an expert's opinion testimony, the credibility and weight of that testimony is to be determined by the jury, not the trial judge.")).

The defendants argue that Maria Vilardi's "testimony that the Rahemtullas were the victims of fraud improperly invades the province of the jury and should therefore be excluded." (Doc. No. 115 p. 8). Because all fraud claims have been dismissed from the case,[3] see (Doc. Nos. 104, 113),

---

[3] Upon review of the remaining claims set for trial, the court notes that Count VIII, Declaratory Relief Invalidating the Partnership Documents, is

Maria Vilardi is precluded from testifying as to any opinions that the defendant is liable for fraud.[4]  However, Maria Vilardi is not completely barred from testifying at trial; she may testify as to matters other than her opinion that the defendant is liable for fraud, provided that such testimony is both relevant and reliable.  Kannankeril, 128 F.3d at 806 (3d Cir.1997) (citing Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 589 (1993)).  For example, partnership agreements are complicated and not within the realm of knowledge of the average juror, therefore Ms. Vilardi may testify as to the facts underlying the Partnership Agreement and what the Partnership Agreement is and represents to the respective partners.  She may also testify about circumstances relating to alleged dishonesty and misrepresentation surrounding the execution of the Partnership Agreement as they would relate to the credibility of the parties.  See Fed. R. Evid. 703 (permitting three bases for expert opinion testimony: firsthand knowledge, admitted evidence, and facts or data not admitted into evidence if "of a type reasonably relied upon

---

based upon allegations of fraud. See (Doc. No. 61 ¶¶ 143-45). Consequently, Count VIII must be dismissed as moot.

[4]  Even if such fraud claims remained, it is axiomatic that no expert witness may provide a legal opinion or conclusion that the defendants' actions constituted fraud. United States v. Leo, 941 F.2d 181, 196-97 (3d Cir. 1991); Lozano v. City of Hazleton, 241 F.R.D. 252, 256 (M.D. Pa. 2007); Casper v. SMG, 389 F. Supp. 2d 618, 621 (D.N.J. 2005); see also Weinstein's Federal Evidence § 702.03[3] (2001) ("Expert witnesses are also prohibited from drawing legal conclusions, because they are the province of the finder of fact.").

by experts in the particular field in forming opinions or inferences upon the subject"). The defendants' motion in limine will therefore be granted in part and denied in part with respect to expert testimony from Maria Vilardi, as noted above.

The defendants also seek to preclude Samuel Thayil, a Certified Public Accountant, from testifying as to damages, because his expert report "is irrelevant and pure speculation which lacks the requisite factual foundation required by the Federal Rules of Evidence and case law." (Doc. No. 115 p. 7). In support of their argument, the defendants claim that (a) "any alleged breach constitutes a breach to the partnership as opposed to the individual plaintiff partner"; (b) "the record is devoid of any evidence in support of Rahemtulla's claim for future lost earnings"; (c) any testimony regarding pre-judgment interest or attorney's fees is not for the jury to hear; and (d) "Thayil's conclusions are premised on the fact that the jury will accept Rahemtulla's fraud claim." Id. pp. 6-7. It seems clear that Samuel Thayil's expert report provides a sufficient reliable source of information to support his conclusions regarding the damages the plaintiffs have incurred, and such relevant testimony will be allowed. The defendants' arguments that Mr. Thayil's report lacks the requisite factual foundation are unfounded. An expert is permitted to base his or her opinions on a particular version of disputed facts, which is subject to cross-examination. See Stecyk v. Bell Helicopter Textron, Inc., 295 F.3d 408, 414 (3d Cir. 2002). And as noted above, the weight to be accorded

that opinion is a question to be determined by the jury.  The defendants' motion in limine is therefore denied with respect to Samuel Thayil, C.P.A.[5]

Finally, the defendants seek to preclude William L. Fleisher, C.F.E. from testifying as to the existence of Nazim Hassam's various assets because such testimony is irrelevant under Rule 403.  (Doc. No. 115 p. 7).  To the contrary, testimony regarding a defendant's assets is very relevant to the issue of punitive damages.  See Forsyth v. Kleindienst, 700 F.2d 104, 106 (3d Cir. 1983) (noting that testimony about a defendant's financial condition would become relevant to the determination of punitive damages); Century Pac., Inc. v. Hilton Hotels, Corp., 528 F. Supp. 2d 206, 214 (S.D.N.Y. 2007) ("Because a court may take a defendant's financial circumstances, wealth, or net worth into consideration when determining the exemplary damages to be awarded against that defendant, defendants' financial information is certainly relevant to plaintiffs' claims for punitive damages.") (internal citations omitted)).  The plaintiffs seek punitive damages in this case to punish the defendants for their conduct.  If the jury decides that punitive damages are warranted, it is entitled to learn the value of the defendants' assets, net worth, and general financial condition in order to determine the amount of punitive

---

[5] It should be noted, however, that the awarding of prejudgment interest and attorney's fees is within the court's discretion and is not a matter for the jury to decide. The court will therefore preclude any testimony regarding the amount of prejudgment interest or attorney's fees the plaintiffs have incurred thus far in the case.

damages to award. See Getty Petroleum Corp. v. Island Transp. Corp., 862 F.2d 10, 14-15 (2d Cir. 1988) (affirming that evidence of a defendant's financial resources should not be introduced until a verdict determines that a plaintiff is entitled to punitive damages). The defendants' motion is therefore granted in part and denied in part; testimony of Mr. Fleisher related to Hassam's financial condition will not be permitted in the plaintiffs' liability case in chief. If, however, jury concludes that punitive damages should be awarded, Mr. Fleisher's testimony will be allowed before the jury is asked to make a determination of the amount of punitive damages.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

(1) The defendants' motion in limine, **(Doc. No. 114)**, is **GRANTED IN PART and DENIED IN PART** as noted above; and

(2) Count VIII, Declaratory Relief Invalidating the Partnership Documents based upon fraud, is **DISMISSED**.

s/ Malachy E. Mannion
**MALACHY E. MANNION**
**United States Magistrate Judge**

Date: May 30, 2008
O:\shared\MEMORANDUMS\2005 MEMORANDUMS\05-0198.16.wpd